**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**GREGORY BARBER,**                          *

     **Petitioner,**                          *

**v.**                                       *        **Civil Case No. DLB-21-130**

**WARDEN NINES,**                            *

     **Respondent.**                          *

<u>**MEMORANDUM OPINION**</u>

Gregory Barber filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state court conviction for first degree murder. ECF 1. Respondents filed an answer seeking dismissal of the petition as time barred. ECF 11. Barber filed a response. ECF 16. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the petition is dismissed as untimely. A certificate of appealability shall not issue.

**I.     Background**

On November 12, 2010, Barber was convicted in the Circuit Court for Baltimore City for first degree murder, for which he was later sentenced to life imprisonment. ECF 1; ECF 11-1, at 3, 23, 31. The Court of Special Appeals of Maryland affirmed the conviction on direct appeal. *Barber v. State of Maryland*, Sept. Term, 2010, No. 2694 (filed January 13, 2012) (unreported); ECF 11-1, at 22–48. On February 27, 2013, the Court of Appeals of Maryland denied Barber's petition for certiorari. ECF 11-1, at 11.

On August 8, 2013, Barber filed a petition for state post-conviction relief. *Id*. at 12. He later filed a motion to withdraw the petition without prejudice, which was granted on March 14, 2014. *Id*. at 13. On June 1, 2018, he filed a new petition for post-conviction relief. *Id*. at 14. The Circuit Court for Baltimore City held a hearing on that petition, and on December 26, 2019, granted

Barber 90 days to file a motion for modification of sentence but otherwise denied relief. *Id.* at 16. On March 2, 2020, Barber filed a motion for modification of sentence, which the circuit court denied on June 19, 2020. *Id*. at 16–17.

Barber filed an application for leave to appeal the denial of post-conviction relief on January 27, 2020. *Id.* at 16. The Court of Special Appeals denied the application for leave to appeal on September 9, 2020. *Id*. at 17; ECF 1, at 5. The Court of Appeals denied Barber's petition for certiorari on December 21, 2020. ECF 11-1, at 17.

On January 8, 2021, Barber filed this habeas petition, asserting three grounds for relief: (1) there was an inconsistent verdict based on his conviction for first degree murder and his acquittal for openly carrying a dangerous weapon with intent to injure; (2) trial counsel was ineffective for failing to object to a compound *voir dire* question; and (3) trial counsel was ineffective for failing to present an alibi defense at trial.[1] ECF 1, at 8–10, 15.

## II.   Analysis

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2254, counting down from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]  The petition was filed on the date Barber placed it in the prison mail. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919–20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is subject to tolling in certain circumstances. The habeas statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the federal clock is paused during the pursuit of state post-conviction relief, assuming the application for state post-conviction relief was properly filed. The limitations period is also subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))). To equitably toll the limitations period, the habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted). Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

In this case, the one-year limitations period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting the first date applies "unless one of the circumstances enumerated by the statute is present

and starts the clock running at a later date"). The Maryland Court of Appeals denied Barber's petition for certiorari on February 27, 2013. Barber had 90 days from that date to pursue certiorari review in the Supreme Court of the United States, which he did not do. *See* U.S. Sup. Ct. Rule 13.1. The 90-day period expired on May 28, 2013. Therefore, Barber's conviction became final on May 28, 2013. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (noting that, if discretionary review in the state court of last resort is sought, the conviction "becomes final . . . when the time for pursuing direct review in [the Supreme] Court . . . expires"). Absent tolling, the limitations period for habeas review would have closed on May 28, 2014.

Barber's August 8, 2013, petition for post-conviction relief was a "properly filed application" for state post-conviction review and tolled the running of the one-year limitations period.[2] The petition was pending until March 14, 2014, at which time Barber withdrew it without prejudice. Put simply, the federal clock stopped on August 8, 2013—72 days after Barber's conviction became final on May 28—and restarted on March 14, 2014, with 293 days remaining (one year less 72 days). Barber did not file another application for state post-conviction or other collateral review until June 1, 2018. Thus, the one-year limitations period expired on January 1, 2015—293 days after March 14, 2014.[3]

---

[2] Respondents contend "Barber did not 'properly file" any applications for collateral review within the one-year limitations period," yet they also state his August 8, 2013 application "tolled the limitations period[.]" ECF 11, at 9–10. Respondents have provided no reason why the petition was not "properly filed." In any event, if the application was not "properly filed," the present habeas petition would still be time barred.

[3] Because the limitations period had already expired when Barber filed his 2018 petition in state court, that petition has no effect on the timelines of Barber's federal petition. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for . . . § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.").

Barber has not established any basis for equitable tolling of the filing deadline. He attributes his belated filing to his trial counsel's failure to file a motion for modification of sentence, which would have served to toll the limitations period.[4] ECF 16, at 1. He states that he believed his trial counsel would be filing such a motion because she said she would at the end of his trial. *Id.*; ECF 1, at 7. He has not shown, however, that any circumstances beyond his control kept him from checking the status of the intended motion or filing it *pro se*. Nor has he shown how trial counsel's failure to file a motion for modification kept him from filing a timely habeas petition. Even if trial counsel's failure to file a motion for modification amounts to ineffective assistance of counsel, such an omission is not an extraordinary circumstance justifying equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248–50 (4th Cir. 2003) ("[A]ttorney error is not an extraordinary circumstance."); *Harris*, 209 F.3d at 331 ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding lawyer's miscalculation of limitations period is not a basis for equitable tolling).

When Barber filed this § 2254 petition on January 8, 2021, more than six years had passed since the expiration of the limitations period on January 1, 2015. Consequently, the petition is time barred and must be dismissed.

---

[4] Barber accurately observes that on April 17, 2019, the United States Court of Appeals in *Mitchell v. Green*, 922 F.3d 187, 189, 198 (4th Cir. 2019), held that a modification of sentence under Md. Rule 4-345 tolled the limitations period under 28 U.S.C. §2244(d)(2). Prior to *Mitchell*, a line of unpublished decisions in this district had provided such motions did not toll the limitations period.

### III.  Certificate of Appealability

Rule 11(a) of the *Rules Governing Section 2254 Cases* provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition.  Because the accompanying order is a final order adverse to the applicant, Barber must receive a certificate of appealability before an appeal may proceed.  28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  When a district court dismisses a habeas petition solely on procedural grounds, as here, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Barber's filings fail to demonstrate that a certificate of appealability should issue.  He may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See* Fed. R. App. P. 22(b).

### III.    Conclusion

For the foregoing reasons, Barber's habeas petition, ECF 1, is dismissed as untimely.  The Court declines to issue a certificate of appealability.  A separate order follows.


DATED this 27th day of April, 2022.


_____
Deborah L. Boardman
United States District Judge